UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT DILLON,

     Plaintiff,

v.                          Case No. 3:26-cv-1930-JEP-MCR

CITY OF JACKSONVILLE BEACH;
SCOTT O'CONNELL; JAMES
WALTERS; T.K. WATERS, in his
official capacity as Sheriff of Jacksonville,

     Defendants.

_____/

## CITY OF JACKSONVILLE BEACH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the City of Jacksonville Beach ("City"), by and through the undersigned counsel, responds to Plaintiff's first amended complaint (Doc. 35) and provides the following answer and affirmative defenses:

1. Paragraph one of the amended complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

2. Paragraph two of the amended complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

1

3. Paragraph three of the amended complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

4. Paragraph four of the amended complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

5. Denied

6. Denied.

7. Admitted Plaintiff was charged under Florida Statute 787.025(2)(a) and was arrested at his home. Otherwise without knowledge and therefore denied.

### Jurisdiction and Venue

8. Admitted for jurisdictional purposes only.

9. Admitted venue is appropriate in the Middle District of Florida, but denied that the Fort Myers Division is the appropriate division.

### Parties

10. Without knowledge, therefore denied.

11. Admitted.

12. Admitted O'Connell was the investigator. Admitted O'Connell submitted a request for a warrant. Admitted O'Connell was promoted. Admitted O'Connell is sued in his individual capacity.

2

13. Admitted the Sheriff is sued in his official capacity, and that the Sheriff's Office serves as law enforcement for the City of Jacksonville. Otherwise without knowledge and therefore denied.

14. Subject to verification, it is admitted that James Walters was employed as a sergeant with the Jacksonville Beach Sheriff's Office. It is admitted he has been sued in his individual capacity, otherwise without knowledge and therefore denied.

### Factual Allegations

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Denied as phrased.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Denied as phrased.

39. Denied as phrased.

40. Admitted the policy speaks for itself, otherwise denied.

41. Admitted the policy speaks for itself, otherwise denied.

42. Admitted the policy speaks for itself, otherwise denied.

43. Admitted the policy speaks for itself, otherwise denied.

44. Denied.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Denied.

### Incident at Jacksonville Beach McDonald's

57. Admitted only this is reflected in the incident report.

58. Admitted only this is reflected in the incident report.

59. Admitted only this is reflected in the incident report.

60. Admitted only this is reflected in the incident report.

61. Admitted only this is reflected in the incident report.

62. Admitted only this is reflected in the incident report.

63. Admitted only this is reflected in the incident report.

64. Admitted only this is reflected in the incident report.

65. Denied as phrased.

66. Denied as phrased.

67. Without knowledge, therefore denied.

68. Denied as phrased.

69. Admitted only this is reflected in the incident report.

70. Admitted only this is reflected in the incident report.

71. Admitted only this is reflected in the incident report.

72. Admitted only this is reflected in the incident report.

73. Without knowledge, therefore denied.

74. Without knowledge, therefore denied.

75. Admitted only this is reflected in the incident report.

76. Admitted only this is reflected in the incident report.

77. Denied as phrased.

78. Admitted only this is reflected in the incident report.

79. Paragraph seventy-nine of the amended complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

80. Denied as phrased.

81. Denied.

82. Without knowledge, therefore denied.

83. Admitted subject to verification.

84. Without knowledge, therefore denied.

85. Admitted only this is reflected in the incident report.

86. Admitted only this is reflected in the incident report.

87. Paragraph eighty-seven of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

88. Paragraph eighty-eight of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

89. Without knowledge, therefore denied.

90. Without knowledge, therefore denied.

91. Without knowledge, therefore denied.

92. Without knowledge, therefore denied.

93. Without knowledge, therefore denied.

94. Without knowledge, therefore denied.

95. Without knowledge, therefore denied.

96. Without knowledge, therefore denied.

97. Denied as phrased.

98. Denied as phrased.

99. Denied as phrased.

100.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

101.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

102.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

103.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

104.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

105.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

106.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

107.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

108.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

109.    Without knowledge, therefore denied.

110.    Without knowledge, therefore denied.

111.    Without knowledge, therefore denied.

112.    It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied. It is only admitted that the allegations in paragraph one hundred twelve are not in the warrant affidavit.

113.    Denied.

114.    It is admitted that Plaintiff was in the photo array, otherwise without knowledge and therefore denied.

115.    Admitted only that this is reflected in the incident report.

116.    Admitted only that this is reflected in the incident report.

117.    Admitted only that this is reflected in the incident report.

8

118.    Paragraph one hundred eighteen is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

119.    Admitted only that this is reflected in the incident report.

120.    Admitted only that this is reflected in Ms. Wilson's sworn statement.

121.    Paragraph one hundred twenty-one of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

122.    Without knowledge, therefore denied.

123.    Paragraph one hundred twenty-three of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

124.    Denied as phrased.

125.    Admitted only that this is reflected in the incident report.

126.    Admitted only that this is reflected in the incident report.

127.    Admitted only that this is reflected in the incident report.

128.    Admitted only that this is not in the warrant affidavit.

129.    Admitted only that this is reflected in the incident report.

130.    Admitted the incident report speaks for itself, otherwise denied.

131.    Without knowledge, therefore denied.

132.    Without knowledge, therefore denied.

133.    Without knowledge, therefore denied.

134.    Without knowledge, therefore denied.

9

135.   Without knowledge, therefore denied.

136.   Denied as phrased.

137.   Without knowledge, therefore denied.

138.   Without knowledge, therefore denied.

139.   Without knowledge, therefore denied.

140.   Without knowledge, therefore denied.

141.   Without knowledge, therefore denied.

142.   Admitted only that this is reflected in the incident report.

143.   Admitted.

144.   Admitted the warrant narrative speaks for itself, otherwise denied.

145.   Admitted the warrant narrative speaks for itself, otherwise denied.

146.   Admitted the warrant narrative speaks for itself, otherwise denied.

147.   Admitted the warrant narrative speaks for itself, otherwise denied.

148.   Denied.

149.   Denied as to all parts.

150.   Denied.

151.   Denied as phrased.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied as phrased.

157.    Denied as phrased.

158.    Denied as phrased.

159.    Admitted subject to verification.

160.    Without knowledge, therefore denied.

161.    Without knowledge, therefore denied.

162.    Without knowledge, therefore denied.

163.    Without knowledge, therefore denied.

164.    Without knowledge, therefore denied.

165.    Without knowledge, therefore denied.

166.    Without knowledge, therefore denied.

167.    Without knowledge, therefore denied.

168.    Without knowledge, therefore denied.

169.    Without knowledge, therefore denied.

170.    Without knowledge, therefore denied.

171.    Without knowledge, therefore denied.

172.    Without knowledge, therefore denied.

173.    Without knowledge, therefore denied.

174.    Without knowledge, therefore denied.

175.    Without knowledge, therefore denied.

176.    Paragraph one hundred seventy-six of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

177. Without knowledge, therefore denied.

178. Without knowledge, therefore denied.

179. Denied as phrased.

180. Denied as phrased.

181. Paragraph one hundred eighty-one of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

182. Without knowledge, therefore denied.

183. Without knowledge, therefore denied.

184. Without knowledge, therefore denied.

185. Without knowledge, therefore denied.

186. Without knowledge, therefore denied.

187. Without knowledge, therefore denied.

188. Without knowledge, therefore denied.

189. Without knowledge, therefore denied.

190. Without knowledge, therefore denied.

191. Denied as phrased.

192. Admitted.

193. Paragraph one hundred ninety-three of the amended complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

194. Denied as phrased.

195.   Denied as phrased.

196.   Denied as phrased.

197.   Admitted court records speak for themselves, otherwise denied.

198.   Admitted court records speak for themselves, otherwise denied.

199.   Admitted the letter speaks for itself, otherwise denied.

200.   Denied as framed.

201.   Admitted.

202.   Admitted O'Connell received a promotion, otherwise denied as framed.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Admitted the order speaks for itself, otherwise denied.

210.   Admitted the order speaks for itself, otherwise denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied as phrased as to all parts.

216.   Denied.

13

217.    Admitted the order speaks for itself, otherwise denied.

218.    Admitted the order speaks for itself, otherwise denied.

219.    Denied.

220.    Denied.

221.    Denied as phrased.

222.    Denied as phrased.

223.    Denied.

224.    Without knowledge, therefore denied.

225.    Without knowledge, therefore denied.

226.    Without knowledge, therefore denied.

227.    Without knowledge, therefore denied.

228.    Without knowledge, therefore denied as to all parts.

229.    Without knowledge, therefore denied.

230.    Without knowledge, therefore denied.

231.    Without knowledge, therefore denied.

232.    Denied.

233.    Without knowledge, therefore denied.

234.    Without knowledge, therefore denied.

235.    Without knowledge, therefore denied.

236.    Without knowledge, therefore denied.

237.    Without knowledge, therefore denied.

238.    Without knowledge, therefore denied.

239.    Without knowledge, therefore denied.

240.    Without knowledge, therefore denied.

241.    Denied.

242.    Without knowledge, therefore denied.

243.    Without knowledge, therefore denied.

244.    Without knowledge, therefore denied.

245.    Without knowledge, therefore denied.

246.    Without knowledge, therefore denied.

247.    Without knowledge, therefore denied.

248.    Without knowledge, therefore denied.

249.    Without knowledge, therefore denied.

250.    Without knowledge, therefore denied.

## CLAIMS FOR RELIEF

### Count I - Fourth Amendment Malicious Prosecution (O'Connell and Walters)

251-259. The allegations in paragraphs 251-259 do not apply to this Defendant. To the extent they do, they are denied.

### Count II – Monell Liability (City of Jacksonville Beach)

260. Defendant has responded to paragraphs 1-259 above, as well as 1–7, 10–11, 15–56, 63–82, 142–202, and 245–250 as if fully set forth herein.

and further responds as follows:

261. Denied.

15

262. Denied as framed.

263. Denied.

264. Denied.

265. Denied.

266. Denied as framed.

267. Denied.

268. Denied.

### Count III – Monell Liability (Sheriff Waters)

269-277. The allegations in paragraphs 269-277 do not apply to this Defendant. To the extent they do, they are denied.

### AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges that Plaintiff's complaint fails to state claims or causes of action upon which relief may be granted. Even assuming that Plaintiff is entitled to relief, which is denied, Plaintiff is not entitled to any or all remedies requested in the Complaint and/or its prayers for relief.

2. Defendant affirmatively alleges that no Constitutional, State, or Federally protected rights of the Plaintiff has been infringed or violated, thus barring Plaintiff's recovery under any theory.

3. Defendant affirmatively alleges that there was no official custom, policy or longstanding practice which was the motivating force behind any of the alleged Constitutional violations so as to give rise to municipal liability for the alleged Constitutional violations.

16

4. Defendant affirmatively alleges and avers that it did not engage in, approve, or condone deliberate indifference to constitutionally protected rights of the Plaintiff or that would constitute negligence.

5. Defendant affirmatively alleges that that it is immune under the doctrines of sovereign or absolute immunity.

6. Defendant affirmatively alleges that the actions of its officer(s) were supported by probable and/or arguable probable cause.

7. Defendant asserts that O'Connell is entitled to qualified immunity and/or there was no underlying constitutional violation and thus no liability lies against the City under any theory including *respondeat superior*.

8. Defendant affirmatively asserts that the warrant affidavit was reviewed and approved by a state attorney and the warrant was reviewed and issued by a neutral magistrate, thus constituting an intervening superseding cause of Plaintiff's alleged injury.

9. Defendant affirmatively alleges that Plaintiff's damages and/or injuries which were allegedly sustained by the Plaintiff were the direct result of the Plaintiff's own actions and accordingly Plaintiff's claims should be barred or in the alternative should be reduced in direct proportion to the Plaintiff's own actions and/or omissions.

10. Plaintiff failed to mitigate his damages, if any, as required by law, and Plaintiff should therefore be barred from recovering the alleged damages that could have been mitigated.

11. To the extent that the Plaintiff received payments from collateral sources, settlements, recoveries, payments, satisfactions, and/or judgments, Defendant is entitled to set-off(s) and/or deduction(s) equal to the value of all benefits paid or payable to the Plaintiff.

12. Plaintiff's claims are subject to the limitations and restrictions of Section 768.28, Florida Statutes, including, but not limited to, monetary limitations and written notice of claim requirements.

13. Defendant was required to retain counsel to defend this action and will incur costs, attorney's fees, and expenses. Defendant asserts that it is entitled to an award of attorney's fees, expenses, and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, Fed. R. Civ. P. 11, Fed. R. Civ. P. 54(d), and the Court's inherent powers.

14. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend its Answer and Affirmative Defenses to assert any such defenses.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury for all issues and questions so triable.

Respectfully submitted,

/s/ David Jadon
David Jadon
Florida Bar No. 1010249

## CERTIFICATE OF SERVICE

18

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF on this 30th day of July, 2026, to: Nicholas L.V. Warren, Lead Counsel, ACLU Foundation of Florida, 4343 West Flagler Street, Suite 400, Miami, FL 33134, nwarren@aclufl.org; Nathan Freed Wessler, Lauren J. Yu, American Civil Liberties Union Foundation, 125 Broad Street, 18th Floor, New York, NY 10004, nwessler@aclu.org; lyu@aclu.org; Ira J. Lipton, Siddartha Rao, Steven M. Silverberg, Hoguet Newman, Regal & Kenney, LLP, 60 East 42nd Street, 48th Floor, New York, NY 10165, ilipton@hnrklaw.com; srao@hnrklaw.com; ssilverberg@hnrklaw.com, (Counsels for *Plaintiff*); Brett G. Mereness, Chief General Counsel, Office of General Counsel City of Jacksonville, Tort Dept., 117 West Duval Street, Suite 480, Jacksonville, FL 32202, BrettM@coj.net; BOsburn@coj.net, (Counsel to *James Walters*); Sonia Harrell, Esquire, Office of General Counsel, City of Jacksonville, Deputy General Counsel, 117 West Duval Street, Suite 480, Jacksonville, FL 32202, SonyaH@coj.net; BOsburn@coj.net (Counsel for Co-defendant *T.K. Waters*); Christopher Stearns, Lead Counsel for Scott O'Connell, Johnson, Anselmo, Murdoch, Burke, Piper, 2455 E. Sunrise Blvd., Suite 1000 Fort Lauderdale, FL 33304; stearns@jambg.com

/s/ David Jadon
David Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332

19

Primary e-mail: djadon@roperpa.com
Secondary e-mail: lramirez@roperpa.com
Attorney for Defendant, *CITY OF JACKSONVILLE BEACH*