**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT DILLON,

      Plaintiff,

v.                                       Case No. 3:26-CV-1980-JEP-PDB

CITY OF JACKSONVILLE BEACH, ET AL.,

      Defendants.

_____

**<u>Uniform Case Management Report</u>**

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.  Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

      The parties conducted the planning conference on 7/27/2026 and 8/4/2026. Nicholas Warren, Nathan Wessler, and Lauren Yu attended for Plaintiff Robert Dillon; David Jadon attended for Defendant City of Jacksonville Beach; Christopher Stearns attended for Defendant Scott O'Connell; Sonya Harrell attended for Defendant Jacksonville Sheriff T.K. Waters; and Brett Mereness attended for Defendant James Walters.

**2.  Deadlines and Dates**

      The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 8/19/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 11/30/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 3/24/2027 |
| | Defendant | 4/23/2027 |
| | Rebuttal | 5/24/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 6/23/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 7/23/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator: Michael I. Coulson, 320 1st St N, Ste 708, Jacksonville Beach, FL 32250, (904) 296-9919 | | 9/29/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 12/1/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 12/8/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 12/15/2027 |
| Month and year of the trial term. | | January 2028 |

The trial will last approximately five days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

2

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff Robert Dillon alleges that he was wrongfully arrested and prosecuted for a crime he did not commit after law enforcement misidentified him through an unreliable facial recognition search and failed to conduct an adequate investigation before submitting a warrant application that omitted or misrepresented material facts. Plaintiff asserts Fourth Amendment claims against the individual officers and municipal liability claims against the City of Jacksonville Beach and the Sheriff of Jacksonville. The action is of moderate complexity: it involves multiple defendants, individual and municipal liability theories, and technical and policy issues concerning the reliability and governance of facial recognition technology, which are likely to require expert discovery.

**4.  Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5.  Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.  Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8.  **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9.  **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

> ☒ Yes.
> ☐ No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:

- The facial recognition search that misidentified Plaintiff, including the probe image, the system used, the results generated, and the personnel who conducted and communicated the search;
- The investigation of the underlying offense and the application for/issuance of the arrest warrant;
- Plaintiff's arrest, detention, and prosecution, and the circumstances surrounding each;
- The policies, customs, training, and supervision of the municipal/law enforcement defendants concerning facial recognition technology; criminal investigations; warrant applications; and law enforcement hiring/retention

4

- The reliability, limitations, and accepted standards governing polices practices, investigations, and facial recognition technology (expert discovery);
- Communications among the defendants and the involved agencies relating to the investigation, identification, arrest and prosecution; and
- Plaintiff's damages, including personal, reputational, emotional, and economic harms

C.    Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.
☐  Yes; describe the issue(s).

E.    ☐    The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: add the parties' views and proposals.

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Nicholas L.V. Warren*
Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org

Nathan Freed Wessler*
Lauren J. Yu*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org
lyu@aclu.org

Ira J. Lipton*
Siddartha Rao*
Steven M. Silverberg*
**Hoguet Newman Regal & Kenney, LLP**
60 East 42nd Street, 48th Floor
New York, NY 10165
(212) 689-8808
ilipton@hnrklaw.com
srao@hnrklaw.com
ssilverberg@hnrklaw.com

**Special admission*

*Counsel for Plaintiff Robert Dillon*

*/s/ David Jadon*
David Jadon (FBN 1010249)
**Roper, Townsend & Sutphen, P.A.**
255 South Orange Avenue, Suite 750
Orlando, FL 32801
(407) 897-5150
djadon@roperpa.com

*Counsel for Def. City of Jacksonville Beach*

*/s/ Christopher J. Stearns*
Christopher J. Stearns (FBN 557870)
**Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100
stearns@jambg.com

*Counsel for Defendant Scott O'Connell*

*/s/ Brett Mereness*
Brett Mereness (FBN 98691)
Chief General Counsel, Tort Dept.
**Office of General Counsel City of Jacksonville**
117 West Duval Street, Suite 480
Jacksonville, FL 32202
(904) 255-5060
brettm@coj.net

*Counsel for Defendant James Walters*

*/s/ Sonya Harrell*
Sonya Harrell (FBN 42803)

6

Deputy General Counsel, Tort Dept.
**Office of General Counsel**
**City of Jacksonville**
117 West Duval Street, Suite 480
Jacksonville, FL 32202
(904) 255-5060
sonyah@coj.net

*Counsel for Defendant Sheriff T.K. Waters*