**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBET DILLON,

    Plaintiff,

                          Case No. 3:26-cv-1930-JEP-PDB

v.

CITY OF JACKSONVILLE BEACH,
SCOTT O'CONNELL, JAMES
WALTERS, and T.K. WATERS, *in
his official capacity as Sheriff of
Jacksonville,*

    Defendants.

_____/

**CASE MANAGEMENT AND SCHEDULING ORDER**
**AND REFERRAL TO MEDIATION**

    Having considered the case management report prepared by the parties,

the Court enters this case management and scheduling order:

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. | **August 19, 2026** |
| Deadline for moving to join a party or amend the pleadings. | **November 30, 2026** |
| Deadline for disclosing expert reports.      Plaintiff:<br>Defendant:<br>Rebuttal: | **March 24, 2027**<br>**April 23, 2027**<br>**May 24, 2027** |
| Deadline for completing discovery and filing motions to compel. | **June 23, 2027** |
| Deadline for filing dispositive and <u>Daubert</u> motions (Responses due 21 days after service unless otherwise ordered; summary judgment replies (limited to 7 pages) permitted 14 days after service of a response) | **July 23, 2027** |

| Mediation | Deadline:<br>Mediator:<br>Address:<br><br><br><br>Telephone: | **September 29, 2027**<br>**Michael I. Coulson**<br>**320 1st St N, Ste 708**<br>**Jacksonville Beach,**<br>**FL, 32250**<br>**(904) 296-9919** |
|---|---|---|
| Deadline for filing all other motions including motions in limine. | | **November 16, 2027** |
| Deadline for filing the joint final pretrial statement. | | **December 7, 2027** |
| Date and time of the final pretrial conference. | | **December 14, 2027**<br>**3:00 PM** |
| Trial Term Begins | | **January 3, 2028**<br>**9:00 AM** |
| Estimated Length of Trial | | **5 days** |
| Jury/Non-Jury | | **Jury** |

1.      With respect to discovery matters, the date set forth above is the <u>final</u> date discovery shall be completed.  All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date.  Specifically, motions to compel brought pursuant to Rule 37 must be filed <u>no later than</u> the close of discovery.  The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes.  Therefore, this Court will not hear discovery disputes arising during the stipulated continuance.  The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court.  If promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause.

2. The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed.R.Civ.P. 5.2.

3. Pursuant to Local Rule 3.01(a), any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court. Responses to motions may not exceed 20 pages absent leave of Court. In summary judgment practice, the combined motion and memorandum (including any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages without permission of the Court. Please deliver a courtesy copy of all dispositive and *Daubert* motions and responses, including copies of all relevant exhibits and depositions, to the chambers of the undersigned. The Court requires the filing of complete deposition transcripts rather than excerpts.

4. Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures. While counsel for the Plaintiff shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion.

5. A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk on or before the date noted in this Order with two courtesy copies to be provided to the Court. The parties are required to identify the

depositions to be read at trial in the pretrial statement but are <u>not</u> required to designate the pages of depositions to be read at trial until a date to be established by the Court at the final pretrial conference.

6.      The final pretrial conference and trial will be held in Courtroom 10A, 10th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.  The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial.

7.      Unless otherwise ordered by the Court, no later than **five days** before the trial term set forth above, the parties **shall file** with the Clerk of Court the following (<u>and</u>, as to each of the following, provide directly to Chambers, Suite 11-100, by mail or hand delivery two (2) copies marked "Judge's Chambers Copy"):

(a)     <u>Each side</u> shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all significant disputed issues of law likely to arise at trial: **and either (b) or (c) below, as appropriate.**

(b)     **If case is a jury trial**, the following

(1)     A concise (one paragraph preferably) **joint or stipulated** statement of the nature of the action to be used solely for purpose of providing a <u>basic</u> explanation of the case to the jury *venire* at the commencement of jury selection process:

- 4 -

    (2)    **Proposed *Voir Dire*** (the Court will conduct the jury *voir dire* and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

    (3)    A **Proposed Verdict Form** and complete set of all written **Proposed Jury Instructions.** (The Court will expect counsel to give their best efforts, cooperatively, in the production of a joint set of instructions and verdict form, the format of which the Court will discuss at the pretrial conference.)

  (c)    **If case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

8. All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are generally not permitted in the building, attorneys may bring those items with them to the extent permitted by Local Rule 7.02.[1]

9. In the event that the dates set herein for the final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

---

[1] Cell phones must be turned off while in the courtroom.

10.    **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY.  DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

### MEDIATION ORDER

**1) Referral to Mediation:** This case shall be referred to a mediation conference in an attempt to equitably settle the issues. Under the parties' agreement, **Michael I. Coulson, Esq.** will serve as the mediator.

**2) Conduct and Scheduling of Mediation Conference:** The mediation conference will be conducted in accordance with this Order and the attachments any time up to and including **September 29, 2027.** Unless otherwise agreed upon by the parties, the mediation conference will be conducted in facilities arranged by the Clerk at the United States Courthouse, Jacksonville, Florida. If the mediation takes place in the United States Courthouse, participants must report to the Clerk's Office twenty (20) minutes before the scheduled starting time of the mediation conference to determine the room assignment for the conference.

**3) Designation and Responsibilities of Lead Counsel:** Plaintiff's Counsel is designated as lead counsel and shall work with the mediator to coordinate mediation. Attendance is required of lead counsel, the parties or a

party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative.

**4) General Rules Governing the Mediation Conference:** Although the mediation process is defined in greater detail in Chapter Four of the Local Rules, these additional guidelines are imposed upon the mediation process:

**a) Case Summaries:** Not later than **ten (10) working days** before the scheduled mediation conference, each party shall mail directly to the mediator and opposing counsel a brief written summary of the facts and issues. These summaries shall be treated as confidential communications and shall not be incorporated into the public records.

**b) Identification of Corporate and/or Claims Representatives:** As part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation who will attend and participate on behalf of the corporate party.

**c) Authority of the Mediator:** The mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives, and claims professionals to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations, and keep order.

- 7 -

**d) Authority to Declare Impasse:** Although the average mediation conference usually takes between three (3) and five (5) hours, participants shall be prepared to spend as much time as necessary to settle, or until an impasse is declared by the mediator.

**e) Mediator Report:** Using the approved mediation report found on the Court's website, the mediator must report within seven (7) days after mediation the result of the mediation and whether all required persons attended.

**f) Confidentiality:** The substance of the mediation is confidential. No party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact – except settlement – that occurs during the mediation.

**5) Compensation of the Mediator:** Unless the parties and the mediator agree otherwise, the parties must pay the mediator a reasonable fee, the parties must bear equally the cost of mediation, and the fee shall be payable immediately upon the conclusion of mediation. No mediator can charge a fee to, or accept anything of value from, a source other than the parties.

**6) Attendance:** An unexcused absence or departure from mediation is sanctionable.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of August, 2026.

> **JORDAN E. PRATT**
> United States District Judge
>
> By:   /s/ Timothy Luksha
>           Deputy Clerk

tl
Copies to:
Counsel of record

mediator with attachments: (mediation report form, docket sheet)