UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:26-cv-1930-JEP-PDB

ROBERT DILLON,

     Plaintiff,

vs.

CITY OF JACKSONVILLE BEACH,
SCOTT O'CONNELL, JAMES
WALTERS, T.K. WATERS, *in his*
*official capacity as Sheriff of Jacksonville,*

     Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, Scott O'Connell ("Detective O'Connell"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for the entry of an order dismissing the Complaint [DE 1], filed by Plaintiff, Robert Dillon ("Plaintiff"), and states as follows:

## I.    Introduction and relevant background

1.    Plaintiff alleges that Detective O'Connell obtained an arrest warrant based on a July 31, 2024, warrant application. [DE 1] at ¶¶ 144-150. The warrant application was based on a facial recognition program which revealed a 93% match to Plaintiff as well as a witness identification from an independent witness. [DE 1] at ¶¶ 146-148.

2.    Plaintiff alleges that Detective O'Connell ignored potentially exculpatory evidence. [DE 1] at ¶ 151.

3.      Plaintiff has sued Detective O'Connell, individually, for purported malicious prosecution via 42 U.S.C. § 1983, claiming that Detective O'Connell lacked probable cause to obtain a warrant for Plaintiff's arrest in violation of the Fourth Amendment. [DE 1] at Count I, ¶¶ 281-289.

4.      As set forth below, the Complaint establishes that Detective O'Connell is entitled to qualified immunity on the claim asserted against him.

## II.     <u>Memorandum</u>

### A.      No valid 42 U.S.C. § 1983 claim as Detective O'Connell is entitled to qualified immunity (Count I)

The defense of qualified immunity protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730 (2002). The purpose of qualified immunity is to "allow government officials to carry out their discretionary duties without fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 248 F. 3d 1188, 1194 (11th Cir. 2002) (since qualified immunity also endows officials with protection from suit, courts must evaluate the validity of the qualified immunity defense "as early in the lawsuit as possible"). This doctrine protects "all but the plainly incompetent or one who is knowingly violating the federal law." *Id.* It applies "regardless of whether the government official's error is a 'mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

To obtain qualified immunity, a defendant must establish that he was acting within his discretionary authority when the alleged violation occurred. *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). To determine whether an official was performing a discretionary duty, the court must consider two issues: (1) whether the official was performing a legitimate job-related function and (2) whether the official conducted that function through means that were within his power to utilize. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). That cannot reasonably be disputed here.

To determine whether qualified immunity exists, a court must evaluate (1) whether a plaintiff has alleged a violation of a constitutional right and (2) whether the right at issue was clearly established at the time of the official's conduct. *Randall v. Scott*, 610 F.3d 701, 715 (11th Cir. 2010). To determine whether a right was clearly established at the time of the alleged violation, the court must consider "whether it would be clear to a reasonable [city official] that his conduct was unlawful in the situation he confronted." *Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1345 (11th Cir. 2013); *see also Wilson v. Layne*, 526 U.S. 603, 615 (1999) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."). Qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation." *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003). In the Eleventh Circuit, qualified immunity is the rule rather than the exception. *Lassiter v. Alabama*

*A&M Univ.,* 28 F. 3d 1146 (11th Cir. 1994) (en banc).

Under 42 U.S.C. § 1983, a malicious prosecution claim may arise under very limited circumstances. See *Albright v. Oliver,* 510 U.S. 266, 269–75 (1994). In *Albright,* a plurality of the Supreme Court suggested that such a claim exists under the Fourth Amendment, but the Court did not define the parameters of any such claim. *Id.* Following *Albright,* the Eleventh Circuit has held that malicious prosecution claims are analyzed against the Fourth Amendment's probable cause standard. See, e.g., *Whiting v. Traylor,* 85 F.3d 581, 586 (11th Cir. 1996).

To establish a federal malicious prosecution claim under § 1983, therefore, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Wood v. Kesler,* 323 F.3d 872, 881 (11th Cir.2003), cert. denied, 124 S.Ct. 298 (2003). Under Florida law, a viable malicious prosecution claim requires six (6) elements: (1) an original judicial proceeding commenced or continued against the plaintiff; (2) the present defendant as the legal cause of the original proceeding; (3) a bona fide termination of the original proceeding in the plaintiff's favor; (4) absence of probable cause for the original proceeding; (5) malice on the part of the present defendant; and (6) damages to the plaintiff resulting from the original proceeding. *Durkin v. Davi*s, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002), citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217 (Fla.1986).

Even if Plaintiff could demonstrate a threshold constitutional violation, he must also show that Detective O'Connell, individually, "violated clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396. This aspect of the inquiry is purely objective and turns upon whether the official could reasonably have believed his or her conduct to be lawful in view of clearly established law and the information possessed by the official at the time the conduct occurred. *Koch v. Rugg*, 221 F.3d 1283, 1295 (11th Cir. 2000).

To properly state a claim for a violation of the Fourth Amendment, Plaintiff is required to allege facts establishing the absence of any debatable point as to whether probable cause existed for Plaintiff's arrest. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Epps v. Watson*, 492 F.3d 1240, 1242–43 (11th Cir. 2007). That is because, even in the absence of actual probable cause, police officers are still entitled to qualified immunity if the arrest was based on "**arguable probable cause**." *Holmes v. Kucynda*, 321 F. 3d 1069, 1079 (11th Cir. 2003); *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002); *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001); *Gold v. City of Miami*, 121 F. 3d 1442 (11th Cir. 1997) (emphasis added). Arguable probable cause exists when a reasonable police officer in the same circumstances **could** have found probable cause for the arrest. *Brescher v. Von Stein*, 904 F. 2d 572, 579 (11th Cir. 1990).

Here, Detective O'Connell had *at least* arguable probable cause to apply for the capias that ultimately resulted in Plaintiff's arrest. Indeed, Detective O'Connell obtained a warrant, which was based in part, upon an independent witness's identification of Plaintiff from a photo lineup: on January 10, 2024, Ms. Wilson identified Plaintiff as the suspect "who was wearing a black trench coat on the night of the incident" from the photo lineup. [DE 1] at ¶ 121.

The positive identification of Plaintiff via a photo lineup, by an independent witnesses, establishes at the *very least*, arguable probable cause for Plaintiff's arrest that renders the dismissal of Count I. *See, e.g., Napier v. Fowler*, 2009 WL 10699620, at *13 (S.D. Fla. Dec. 1, 2009) (dismissing complaint and finding that defendant officer had probable cause to arrest the plaintiff based on positive identification of plaintiff as suspect from photographs); *Hendricks v. Sheriff, Collier Cnty., Fla.,* 492 F. App'x 90, 93 (11th Cir. 2012) ("an officer is generally entitled to rely on, among other things, a victim's criminal complaint and identification in a 'show-up' as support for probable cause"), citing to *L.S.T., Inc. v. Crow,* 49 F.3d 679, 684–85 (11th Cir.1995); *Hill v. Orange Cnty. Sheriff*, 666 F. App'x 836, 839 (11th Cir. 2016) ("The Team had secured an arrest warrant for White based on identification tips and the victim's photo-lineup identification, which constitutes probable cause to arrest him"); *Mears v. McCulley*, 881 F. Supp. 2d 1305, 1321 (N.D. Ala. 2012) (positive identification of an individual as the perpetrator of a crime by comparison of photographs may establish probable cause to arrest the individual for that crime; even a rough description of the perpetrator of a crime

may create arguable probable cause to arrest a person who matches that description); *United States v. Harris*, 956 F.2d 177, 179–80 (8th Cir.1992) (probable cause existed to arrest individual for murder where witnesses identified the individual as the murderer from a series of photographs).

The Eleventh Circuit has made clear that mistakes, by officers or victims, do not obviate arguable probable cause to make an arrest, so long as the mistake was **reasonable**. *Rushing v. Parker,* 599 F.3d 1263, 1267-1268 (11th Cir.2010) (affirming officer's entitlement to qualified immunity where the victim identified the plaintiff from a photo line-up and explaining that "a reasonable officer [in the defendant officer's] situation could have followed a similar course of action and believed that probable cause existed" based on the victim's complaint and identification of the alleged perpetrator).

The Complaint fails to establish that Detective O'Connell knowingly violated any purported constitutional right or acted incompetently in connection with any decision or action he took. Consequently, O'Connell is entitled to qualified immunity and a dismissal of the Count I claim asserted against him. *See, e.g., Eslinger,* 555 F.3d at 1327 ("Absent probable cause, an officer is still entitled to qualified immunity if arguable probable cause existed"); *Banks v. Bostic,* 2018 WL 1158306, at *2 (11th Cir. Jan. 10, 2018) (affirming district court's dismissal of complaint on qualified immunity grounds where an arrest warrant was based, in part, on the victim's identification of plaintiff as the perpetrator of the subject crime); *Brock v. City of Zephyrhills,*

232 F. App'x 925, 928 (11th Cir. 2007) ("We agree with the district court that probable cause existed for the issuance of the arrest warrant. The physical descriptions given by the witnesses matched Brock who also owned a vehicle of the same make and color as that of the getaway vehicle. Two of the three witnesses identified Brock in the initial photograph line-up, and several of Brock's family members identified Brock as the man in the security camera photograph... probable cause existed for his arrest. Kirk, Waters and Kramer are entitled to qualified immunity as to Brock's complaint of unlawful arrest"); *Brown v. Abercrombie*, 151 F. App'x 892, 893 (11th Cir. 2005) (affirming defendant officer's entitlement to qualified immunity where the plaintiff was identified in a photo line-up and stating "in order to be entitled to qualified immunity in this case, Abercrombie need only show that the arrest warrant was supported by arguable probable cause").

WHEREFORE, Defendant, Scott O'Connell, respectfully requests entry of an order dismissing the Complaint, together with such other further relief deemed proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of August 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:     */s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Counsel for O'Connell**
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Stearns@jambg.com
young@jambg.com
nunez@jambg.com

**SERVICE LIST**

**Ira J. Lipton, Esq.**
**Steven M. Silverberg, Esq.**
Hoguet Newman Regal & Kenney, LLP
**Counsel for Plaintiff**
60 East 42nd Street
Suite 48th Floor
New York, NY 10165
212-689-8808
ilipton@hnrklaw.com
ssilverberg@hnrklaw.com

**Lauren Jane Yu**
**Nathan Wessler**
American Civil Liberties Union Foundation
**Counsel for Plaintiff**
125 Broad Street, 18th Floor
New York, NY 10004
917-841-5964
lyu@aclu.org
nwessler@aclu.org

**Siddartha Rao**
**Counsel for Plaintiff**
60 East 42nd Street, 48th Floor
New York, NY 10165

**Nicholas Warren**
ACLU Foundation of Florida
**Counsel for Plaintiff**
4343 West Flagler St., Suite 400
Miami, FL 33134
786-363-1769
nwarren@aclufl.org

**David Jadon, Esq.**
Roper, Townsend & Sutphen, P.A.
Florida
**City of Jacksonville Beach**
255 S. Orange Ave., Suite 750
Orlando, FL 32801
407-897-5150
Email: djadon@roperpa.com

**Brett Gordon Mereness, Esq.**
Office of General Counsel
**Counsel for James Walters**
117 W Duval St Ste 480
Jacksonville, FL 32202
(904)255-5073
Email: BrettM@coj.net

**Sonya Harrell, Esq.**
Office of General Counsel
**Counsel for T.K. Waters**
117 W Duval Street., Suite 480
Jacksonville, FL 32202
904-255-5060
sonyah@coj.net

---

**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
**Counsel for Scott O'Connell**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
stearns@jambg.com
young@jambg.com
(954) 463-0100 (Phone)